UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE No. 23-cv-00539-BJD-PDB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CEDRIC DEWAYNE GRIFFIN,

    Defendant.

_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SERVE BY SUBSTITUTED SERVICE AND TO EXTEND PLAINTIFF'S TIME TO SERVE SUMMONS AND COMPLAINT UPON DEFENDANT CEDRIC DEWAYNE GRIFFIN**

## I. Introduction

Plaintiff Securities and Exchange Commission respectfully requests an Order granting the Commission additional time to effectuate service of process on Defendant Cedric DeWayne Griffin and to serve the summons and Complaint upon Griffin by the Florida Secretary of State.

Griffin has been evading both the Commission's process server, the Jacksonville Sheriff's Office, and the Florida State Attorney's Office since May 2023. A warrant has been issued for Griffin's arrest, and law enforcement is actively searching for him, together with the Commission. [Exhibit A, Declaration from U.S. Secret Service Agent John Donahue; Exhibit B, Declaration of Detective

April Cobb of the Jacksonville Sheriff's Department; Exhibit C, Declaration of Private Investigator Ty Larkin].

As set forth in the Commission's prior motion for extension of time to serve Griffin, Griffin was expected to attend his son's college graduation in May 2024. This would have marked the first time for Griffin to have surfaced publicly since May 2023. The Commission's private investigator and process server attended that graduation to serve Griffin with the Complaint and summons; however, Griffin failed to appear. [Exhibit C].

For the reasons set forth below, the Commission seeks additional time to serve Griffin and to serve him through the Secretary of State pursuant to Federal Rule of Civil Procedure 4(e).

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve the summons and complaint upon a defendant within 90 days from when the complaint is filed. Fed. R. Civ. P. 4(c); Fed. R. Civ. P. 4(m). If the plaintiff has not served the defendant within 90 days, the plaintiff may avoid dismissal of the complaint in one of two ways: (1) by showing good cause for failure to serve or (2) by "convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause." *Grimes v. Rott*, No. 15-80972-Civ-ZLOCH, 2018 LEXIS 9793, at *3 (S.D. Fla. Jan. 19, 2018).

The Court must extend time for service beyond 90 days if the plaintiff shows good cause for failure to serve. Fed. R. Civ. P. 4(m). "Good cause exists when some

2

outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2009)). The Court also has discretion to extend service beyond 90 days absent good cause. *Rance*, 583 F.3d at 1286 (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). An extension absent good cause "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

Here, good cause exists for the failure to serve the Defendant. Even assuming good cause did not exist (and it does), the Court should exercise its discretion to extend the deadline for serving Griffin because he is evading service. The Court has previously granted the Commission additional time to serve Griffin [ECF Nos. 6, 8, 10] and for the reasons set forth below, additional time is required due to Griffin's efforts to evade detection by the Commission and arrest by State law enforcement.

Federal Rule of Civil Procedure 4(e) provides that "an individual … may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Section

3

48.181(4) Fla. Stat. provides for substituted service upon the Florida Secretary of State subject to certain conditions being met. As set forth in that section:

> (4) Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it, or any combination thereof, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or foreign business entity.

As set forth below, good cause exists to serve Griffin through the Secretary of State.

### III. The Defendant's Evasive Conduct and the Commission's Efforts to Locate and Serve Him

The Commission filed this case against Griffin on May 4, 2023 [ECF No. 1]. On that same date, Griffin was required to appear in Court in the felony criminal case against him in the Fourth Judicial Circuit in Duval County, Florida. Griffin failed to appear, the State Court issued a Failed to Appear Capias, and an e-warrant was issued. [ECF No. 5-1 (Notice to Bondsman for Failure to Appear); ECF No. 5-2 (Failed to Appear Capias)]. Griffin was ordered to appear before the Court on May 24, 2023 [ECF No. 5-1]. However, Griffin failed to appear, and the State Court issued Orders of Forfeiture [ECF No. 5-3 (Composite of Orders of Forfeiture and Bond Forfeiture Paid)].

Griffin continues to hide from the criminal authorities and Commission to this day. [Exhibits A-C]. Despite the outstanding warrant, Griffin has not surfaced publicly since May 2023. Against this backdrop, the Commission has made

4

diligent efforts to locate and serve Griffin through the Commission's process server and has employed a private investigator to locate Griffin's hiding place. [Exhibit C]. The Commission wasted no time in trying to locate Griffin to effectuate service. The Commission filed the Complaint on Thursday, May 4, 2023 and the summons was issued on Friday, May 5, 2023. On Tuesday, May 9, 2023, undersigned counsel contacted Griffin's prior counsel to inquire as to whether he would waive service and on that same date Griffin's prior counsel responded that he would not. On the following day, May 10, the Commission began attempts to serve Griffin through a process server. After process server efforts were exhausted, the Commission retained a private investigator to locate Griffin. Efforts have included:

- Identifying Griffin's known associates and family members, and attempting service at those addresses;

- Attempting service at the home of the Griffin's ex-girlfriend;

- Attempting service at an address in Jacksonville, Florida discovered to be associated with Griffin;

- Conducting surveillance at the homes of Griffin's known associates and family members;

- Sending a process server to six addresses (located in Alabama, Florida, and Texas) to interview Griffin's family members, known associates, and former neighbors regarding his whereabouts;

- Interviewing a leasing agent at an address formerly associated with Griffin in order to discover Griffin's whereabouts;

- Coordinating with law enforcement personnel and bail bondsman in states where there are criminal matters pending against Griffin;

- Contacting bail bond agents in Alabama where Griffin's mother resides to pursue fugitive recovery efforts;

- Sending a private investigator to business events and community gatherings attended by Griffin's known associates and family members;

- Working with the Jacksonville Sheriff's Office, which has issued a monetary reward for information leading to the discovery of Griffin's current whereabouts;

- Sending a private investigator to Griffin's mother's home and the homes of other family members to conduct surveillance on holidays in case Griffin visited family;

- Utilizing a private investigator to gather information about Griffin's adult children to identify events Griffin might attend;

- Conducting an investigation using technology specialists who employ a fusion of high-tech methods and data analysis;

- Discovering through a technology-based investigation the email accounts, social media accounts, and phone numbers Griffin is now utilizing; and

- Utilizing private investigator staff to communicate with and conduct surveillance of the social media accounts identified to be used by Griffin through his current aliases.

[ECF No. 5-4; ECF No. 7-2; ECF No. 9-1; Exhibit C, Declaration of Thiry Larkin].

In addition, the Jacksonville Sheriff's Office has issued bulletins about the Commission's case against Griffin asking the public to contact the Jacksonville Sherriff's Office with information. Bulletins have also been issued for individuals who can remain anonymous and be eligible for a cash reward by calling Crime Stoppers at 1-866-845-TIPS. The Jacksonville Sheriff's Office has been unable to locate Griffin. [Exhibit B].

The Defendant is evading State and Federal law enforcement authorities and the Commission. [Exhibits A-C]. The Commission has devoted significant resources and time to locating Griffin and has not wavered in its commitment to locate him. [Exhibit C]. The State has also diligently continued its efforts to locate him as he is evading arrest under an arrest warrant. [Exhibits A and B].

Efforts have included surveillance of myriad physical locations and online accounts, visits to numerous physical locations, and interviews with more than one dozen individuals – all across multiple states. This investigation led to two potentially viable possibilities for locating Griffin in May 2024 – namely, service at the May 2024 graduation event for his son, or service before then using geo-data from Griffin's online accounts to identify his hiding place. The Commission diligently pursued these options, sent a process server and private investigator to

7

the graduation event in May 2024, and was unable to serve or locate Griffin because he did not attend the graduation event and has continued to conceal his whereabouts. [Exhibit C].

The need for additional time to locate Griffin and to serve Griffin through the Secretary of State is due solely to Griffin's evasive tactics to avoid service by the Commission and arrest by the State. For the reasons set forth herein, the Commission respectfully seeks an additional ten days of time to serve Griffin through the Secretary of State. As set forth in the Declarations filed herewith, Griffin has evaded service, is concealing his whereabouts from the Commission and State law enforcement, and efforts to locate him have been exhausted. Griffin has likewise failed to appear in the criminal case in which he is being prosecuted, and is evading arrest under two active warrants. Griffin is concealing his whereabouts to avoid service by the Commission and arrest by State law enforcement.

Service through the Secretary of State is appropriate. The Complaint in this matter alleges that Griffin resided in Florida during the time of the misconduct at issue and that the misconduct at issue occurred while Griffin and his company were based in Florida. [ECF No. 1 at ¶¶ 1, 17, 20, 22, 42]. Specifically, the Complaint alleges:

- This case concerns a securities offering fraud and Ponzi scheme targeting the African American community in Jacksonville, Florida. [ECF No. 1 at ¶ 1].

- Griffin orchestrated the offering fraud through his companies G8 Equity LLC ("G8 Equity") and G8 RE Capital LLC ("G8 RE") (collectively, the "G8 Companies") *Id.* at ¶ 2.

- At the time of the Complaint being filed, Griffin resided in Jacksonville, Florida. *Id.* at ¶ 7.

- The G8 Companies are Florida limited liability companies that Griffin formed with a principal place of business in Jacksonville, Florida. *Id.* at ¶¶ 8-9.

- Many of Griffin's acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in Jacksonville, Florida, where Griffin resided. *Id.* at ¶ 10.

- During the time of the violations at issue in this case, Griffin's principal place of business was in Jacksonville, Florida, and the G8 Companies through which Griffin engaged in the violations were located in Jacksonville, Florida. *Id.* at ¶ 10.

- Griffin operated the offering fraud at issue out of Jacksonville, Florida. *Id.* at ¶ 10.

- To locate potential investors, Griffin relied on word of mouth within the local Jacksonville, Florida community and his church, which church has the initials C.R.P.A. *Id.* at ¶ 21.

- Griffin solicited prospective investors from at least seven states, but the majority of investors were from Jacksonville, Florida. *Id.* at ¶ 22.

- Griffin routinely pitched the investment to investors in person at the G8 Entities' office located in Jacksonville, Florida. *Id.* at ¶ 23.

- For example, during the years 2020 and 2021, investors residing in Florida met with Griffin in the G8 Entities' office in Jacksonville, where Griffin solicited the investors to invest and made a series of misrepresentations and omissions about the investment opportunity. *Id.* at ¶¶ 25-66.

- While residing in Florida, Griffin misappropriated investor funds for his personal use contrary to his representations to investors that investor funds would be used to acquire and improve real estate. Specifically, from March 2021 until December 2021, Griffin caused $141,699 in investor funds to be transferred into Griffin's personal bank accounts. From November 2020 until December 2021, Griffin made cash withdrawals from the G8 Entities' bank accounts totaling approximately $519,000, and from January 2020 until December 2021, Griffin spent at least $161,609 on personal expenditures from commingled funds that included investor money, including but not limited to payments to luxury retailers, jewelry stores, and church donations. *Id.* at ¶¶ 7, 10, 67-84.

- From January 2020 until December 2021 and while residing in Florida, Griffin used investor funds to pay earlier investors their purported investment returns in Ponzi-like fashion and contrary to his representations to investors about the use of investor funds and the source of investment returns. *Id.* at ¶¶ 85-96.

Thus, the instant enforcement action against Griffin "aris[es] out of a transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual[.]" Fla. Stat. § 48.181(4).

Griffin has concealed his whereabout and the instant enforcement action against him arises out of transactions and operations carried out in Florida through Griffin's G8 Companies located in Jacksonville, Florida. There is no reason to believe at this time that Griffin has left Florida. [Exhibit A]. Accordingly, the Commission respectfully submits and seeks authorization from the Court to permit substituted service on Griffin through service on the Florida Secretary of State and ten days from the date of any such Order granting this Motion to effectuate that service effort.

## IV. **Conclusion**

WHEREFORE, the Commission respectfully requests an Order granting the Commission permission to effectuate substituted service on Griffin through the Secretary of State and an additional ten days from the date of any Order granting this Motion to effectuate that service effort.

July 22, 2024    Respectfully submitted,

By:   /s/Amie Riggle Berlin
Amie Riggle Berlin, Esq.
Senior Trial Counsel
Florida Bar No. 630020
Direct Dial: (305) 982-6322
Email: berlina@sec.gov

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

11

801 Brickell Avenue, Suite 1950<br>
Miami, Florida 33131<br>
Telephone: (305) 982-6300<br>
Facsimile: (305) 536-4154

Local Rule 3.01(g) Certification

Plaintiff has made diligent efforts to locate Defendant Griffin. As set forth in this motion, the Defendant has concealed his whereabouts and therefore Plaintiff has been unable to contact the Defendant, to confer or otherwise.

s/Amie Riggle Berlin, Esq.