United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,**

*Plaintiff,*

v.                                                         NO. 3:23-cv-539-BJD-PDB

**CEDRIC DEWAYNE GRIFFIN,**

*Defendant.*

# Order

The United States Securities and Exchange Commission ("SEC") sues Cedric Dewayne Griffin, a Florida resident, for an alleged fraudulent scheme in which investors, including Florida investors, were lured into investing in promissory notes issued by Griffin's Florida companies, including through actions occurring in Florida. Doc. 1.

The deadline to serve Griffin with process was August 2, 2023. At the SEC's request, the Court extended the deadline four times. Docs. 6, 8, 10; S-Doc. 14. The SEC now moves for leave to serve Griffin with process through the Florida Secretary of State and for ten days from the order to effectuate service. Doc. 15.

"If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant

or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Relief may be justified" under Rule 4(m) "if the defendant is evading service[.]" Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

"Unless federal law provides otherwise, an individual … may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under Florida law,

> (1) When authorized by law, substituted service of process on a nonresident individual or a corporation or other business entity incorporated or formed under the laws of any other state, territory, or commonwealth, or the laws of any foreign country, may be made by sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission. The service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process. The Secretary of State shall keep a record of all process served on the Secretary of State showing the day and hour of service.
>
> (2) Notice of service and a copy of the process must be sent forthwith by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must be sent by such electronic means or, if the party is being served by substituted service, the notice of service and a copy of the process must be served at such party's last known physical address and, if applicable, last known electronic address. The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless

the party is actively refusing or rejecting the delivery of the notice. An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows. The affidavit of compliance must set forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.

(3) **When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity**. The party seeking to effectuate service must also comply with subsection (2); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

(4) The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

(5) If any individual on whom service of process is authorized under subsection (1) dies, service may be made in the same manner on his or her administrator, executor, curator, or personal representative.

(6) The Secretary of State may designate an individual in his or her office to accept service.

(7) Service of process is effectuated under this section on the date the service is received by the Department of State.

(8) The Department of State shall maintain a record of each process served pursuant to this section and record the time of and the action taken regarding the service.

(9) This section does not apply to persons on whom service is authorized under s. 48.151 ["Service on statutory agents for certain persons"].

Fla. Stat. § 48.161 (emphasis added).[1]

Through the complaint allegations, the SEC shows personal jurisdiction over Griffin. *See* Doc. 1. Through three declarations, the SEC shows Griffin is concealing his whereabouts and the SEC has used due diligence in trying to locate him and effectuate personal service. *See* Docs. 15-1 to 15-3. Griffin's evasion of service is good cause to extend the service of process deadline again.

The motion, Doc. 15, is **granted**. The SEC may effect substitute service and must do so by **September 9, 2024**. The ruling does not prevent Griffin

---

[1] The SEC cites section 48.181(4), Florida Statutes, which provides, "Any individual [who] conceals [his] whereabouts is deemed to have appointed the Secretary of State as [his] agent on whom all process may be served, in any action or proceeding against [him], … arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual[.]" The title of the statute is "Substituted service on **nonresidents** and foreign business entities engaging in business in the state or concealing their whereabouts." The Florida legislature described recent amendments to that law as "[a]n act … revising provisions relating to substituted service; providing for substituted service on certain nonresidents and foreign business entities and on individuals and foreign business entities concealing their whereabouts[.]" 2022 Fla. Sess. Law Serv. ch. 2022-190, C.S.C.S.S.B. No. 1062.

4

from challenging personal jurisdiction and service of process should he appear in the action.

    **Ordered** in Jacksonville, Florida, on August 29, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5