United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,**

    *Plaintiff,*

v.     **NO. 3:23-cv-539-BJD-PDB**

**CEDRIC DEWAYNE GRIFFIN,**

    *Defendant.*

___

# Order

By **June 18, 2025**, the SEC must supplement the motion for default judgment, Doc. 31.

Section 48.161 of the Florida Statutes explains the method for serving process when an individual is concealing his whereabouts:

> (1) When authorized by law, substituted service of process … may be made by sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm …; or by electronic transmission. The service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process. …
>
> (2) Notice of service and a copy of the process must be sent forthwith by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm …. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must be sent by such electronic means or, if the party is being served by substituted

service, the notice of service and a copy of the process must be served at such party's last known physical address and, if applicable, last known electronic address. The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice. **An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows. The affidavit of compliance must set forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section.** ….

(3) When an individual … conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. **The party seeking to effectuate service must also comply with subsection (2); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed**.

Fla. Stat. § 48.161 (emphasis added).

The SEC must provide an affidavit of compliance or explain why an affidavit is not required.

Before entering a default judgment, a court must ensure the well-pleaded factual allegations state a claim on which relief can be granted. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, a defendant admits the plaintiff's well-pleaded factual allegations. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

The SEC acknowledges that it must establish "the use of interstate commerce, which can include the wires or mails," and states, "the Complaint includes these allegations … [ECF No. 1 at ¶¶ 11, 98, 101, 104, 107, 110, 113]." Doc. 31 at 22. The citations are to legal conclusions, not factual allegations. *See, e.g.*, Doc. 1 at ¶ 11 ("In connection with the conduct alleged in this Complaint, Griffin, directly and indirectly, singly or in concert with others, has made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce, and the mails.").

The SEC must explain how the factual allegations alleged in the complaint establish the use of the mails or an instrumentality of interstate commerce in connection with the alleged violations.

"Disgorgement is an equitable remedy intended to prevent unjust enrichment." *SEC v. Monterosso*, 756 F.3d 1326, 1337 (11th Cir. 2014). "The SEC is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains." *SEC v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004).

The SEC requests disgorgement in the amount of "$1,945,024, representing the amount of unreturned principal," arguing that the Court should "order all profits stemming from the scheme to be disgorged." Doc. 31 at 35. The SEC represents that Griffin "raised more than $5.8 million from 103 investors through the sale of G8 promissory notes" and "used approximately $3,950,000 of investor money to repay other investors their purported investment returns, taking the balance for himself." Doc. 31 at 35.

The SEC must explain the discrepancy between the amount the SEC represents Griffin took for himself ($1,850,000) and the amount of unreturned principal ($1,945,024). The SEC must further explain whether the requested unreturned principal constitutes "profits" or "gains" and how it calculated the requested amount.

**Ordered** in Jacksonville, Florida, on June 4, 2025.

Patricia D. Barksdale
United States Magistrate Judge