UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE No. 23-cv-00539-BJD-PDB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CEDRIC DEWAYNE GRIFFIN,

    Defendant.
_____/

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO THE COURT'S JUNE 4, 2025 ORDER AND MOTION TO RE-SERVE DEFENDANT BY SUBSTITUTED SERVICE

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") files its response to the Court's June 4, 2025 Order [ECF No. 37 ("Order")]. The Commission acknowledges that its Complaint lacks the well-pleaded factual allegations necessary to establish the use of the mails or an instrumentality of interstate commerce in connection with the violations alleged against Defendant Cedric Dewayne Griffin (the "Defendant"), and contemporaneously herewith has filed an Amended Complaint [ECF No. 38]. The Commission also moves for an order allowing it to re-serve Defendant by substituted service, to resolve the remaining issues raised in the Order. In support of its response and motion, the Commission states:

    1.    On May 4, 2023, the Commission filed this case against the Defendant, alleging violations of the anti-fraud provisions of the federal securities laws [ECF No. 1].

2.      The Complaint alleges that from at least January 2020 through December 2021, Defendant, through two private entities he controlled, raised at least $5,895,024 from 103 investors through the sale of securities in the form of unregistered, short-term promissory notes in an offering fraud targeting the African-American community in Jacksonville, Florida. The Defendant made several material misrepresentations to investors, including that he would use investor funds to purchase, rehabilitate, and quickly resell real estate.

3.      In reality, the Defendant did not purchase any real estate. Instead, he used investor funds for his personal expenses and to make Ponzi payments to repay principal and interest owed to earlier investors.

4.      After numerous attempts to serve the Defendant with the Complaint, on July 22, 2024, the Commission filed a Motion to Serve by Substituted Service and to Extend Plaintiff's Time to Serve Summons and Complaint Upon Defendant [ECF No. 15 ("Motion for Substituted Service")].

5.      On August 29, 2024, the Court granted the Commission's Motion for Substituted Service [ECF No. 16] and, on September 6, 2024, the Complaint and Summons were served on the Defendant via the Florida Secretary of State pursuant to that Order [ECF No. 19]. The Commission did not file an affidavit of compliance as required by Section 48.161(2) of the Florida Statutes.

6.      The Defendant failed to answer the Complaint or submit any other responsive pleading [ECF No. 20].

7. On October 4, 2024, the Commission filed a Motion for Entry of Clerk's Default [ECF No. 20], which the Court granted on October 8, 2024 [ECF No. 21], and a Clerk's Entry of Default was entered against Defendant on the same day [ECF No. 22].

8. On January 24, 2025, the Commission filed its Motion for Entry of Default Judgment [ECF No. 29 (the "MDJ")]. However, on February 4, 2025, the Court denied the MDJ without prejudice because the Commission's application failed to comply with the Servicemembers Civil Relief Act and failed to state whether the Commission maintained its jury demand for a determination of damages [ECF No. 30].

9. On February 11, 2025, the Commission re-filed its Motion for Entry of Default Judgment [ECF No. 31 ("Second MDJ")] to comply with the Court's February 4, 2025 Order.

10. On June 4, 2025, the Court ordered the Commission to supplement its Second MDJ to (1) provide an affidavit of compliance as required under Section 48.161(2) of the Florida Statutes or explain why an affidavit is not required, (2) explain how the factual allegations alleged in the Complaint establish the use of the mails or an instrumentality of interstate commerce in connection with the alleged violations, and (3) explain certain discrepancies with respect to its request for disgorgement and whether "unreturned principal constitutes 'profits or gains' and how it calculated the requested amount." See Order, pp. 3-4.

11. The Commission acknowledges the issues raised in the Order and regrets any inconvenience it has caused to the Court. Contemporaneous herewith, the Commission has filed an Amended Complaint [ECF No. 38] to include factual allegations that establish the use of the mails or an instrumentality of interstate commerce in connection with the alleged violations. See Fed. R. Civ. P. 15(a) (A party may amend its pleading once as a matter of course at any time before a responsive pleading is served).

12. The Commission requests that it be entitled to serve the Amended Complaint by substituted service for the reasons previously stated in its Motion to Serve by Substituted Service [ECF No. 15] and reincorporates it here by reference. Once the Amended Complaint has been served by substituted service, the Commission shall file an affidavit of compliance as required under Section 48.161(2) of the Florida Statutes.

13. If the Defendant defaults after service of the Amended Complaint by substituted service, and the Commission again moves for Default Final Judgment, the Commission shall address the issues related to disgorgement raised by the Court and support its calculations with a declaration from its accounting expert.

WHEREFORE, the Commission respectfully requests that the Court enter an Order allowing the Commission to effectuate substituted service of the Amended Complaint on the Defendant through the Florida Secretary of State pursuant to Section 48.161 of the Florida Statutes.

June 18, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　By:　<u>Russell R. O'Brien</u>
　　　　　　　　　　　　　　　Russell R. O'Brien, Esq.
　　　　　　　　　　　　　　　Trial Counsel
　　　　　　　　　　　　　　　Florida Bar No. 084542
　　　　　　　　　　　　　　　Direct Dial: (305) 982-6341
　　　　　　　　　　　　　　　Direct email: obrienru@sec.gov

　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　SECURITIES AND EXCHANGE COMMISSION
　　　　　　　　　　　　　　　801 Brickell Avenue, Suite 1950
　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　Telephone: (305) 982-6300
　　　　　　　　　　　　　　　Facsimile: (305) 536-4154