UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE No. 23-cv-00539-BJD-PDB

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CEDRIC DEWAYNE GRIFFIN,

Defendant.
_________________________________________/

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER REGARDING STAY PENDING STATE COURT COMPETENCY DETERMINATION**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this response to the Court's August 7, 2026, Order [ECF No. 64], which requests the Commission's position, with supporting legal authority, on whether this civil case—including the period for objecting to the Report and Recommendation on default judgment—should be stayed until the state court rules on the competency of Defendant Cedric Dewayne Griffin ("Griffin").

It is the Commission's position that a stay of this case is appropriate while the competency proceedings in *State of Florida v. Griffin*, Case No. 16-2024-CF-003129 (Fla. 4th Cir. Ct. filed March 26, 2024) are pending. As recognized in the Report and Recommendation [ECF No. 63], consistent with Fed. R. Civ. P. 55(b)(2) and 17(c)(2), federal courts must take appropriate measures to protect the rights of parties who may be incompetent, particularly where there is evidence from a

court or public agency indicating that a party is undergoing competency proceedings. *Id*. at 54-55.

"District Courts … ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzalez,* 568 U.S. 57, 73 (2013) (quoting *Rhines v. Weber,* 544 U.S. 269, 276 (2005)). As cited by Your Honor, authority from multiple courts of appeals supports issuing the stay here. In *Ferrelli v. River Manor Health Care Ctr*., 323 F.3d 196, 201 (2d Cir. 2003), the Second Circuit held that a district court likely abuses its discretion if it fails to consider Rule 17(c)(2) when presented with evidence indicating a party may be incompetent. *See also Glover v. Marini*, No. 6:24-cv-338-ACC-EJK, 2024 WL 5057364, *1 (M.D. Fla. Dec. 10, 2024). Similarly, as noted by Your Honor, in *Powell v. Symons*, 680 F.3d 301, 308 (3d Cir. 2012), the Third Circuit held that the district court abused its discretion by failing to consider whether Rule 17(c) applied where a party in a civil case had been adjudicated incompetent in a simultaneous criminal proceeding where the magistrate judge was on notice of that adjudication but did not enter an order appointing an appropriate representative or counsel to proceed with the case.

Accordingly, the Commission respectfully submits that this civil case, including the period for objecting to the Report and Recommendation on default judgment, should be stayed pending the state court's determination of Griffin's competency. This approach is consistent with the cited authorities and ensures the protection of Griffin's rights while the competency issue is resolved.

August 21, 2026 Respectfully submitted,

Russell R. O'Brien
Russell R. O'Brien, Esq.
Senior Trial Counsel
Florida Bar No. 084542
Direct Dial: (305) 982-6341
Direct Email: obrienru@sec.gov

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served by U.S. Mail to:

Defendant Cedric Dewayne Griffin
Jail Number: 2025001924
Montgomery Correctional Center
4727 Lannie Road
Jacksonville, FL 32218

By: s/Russell R. O'Brien
Russell R. O'Brien